**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Abderrahmane Corera,

Petitioner,

v.

Markwayne Mullin, et al.,

Respondents.
_______________________________/

Civil Action No. 26-cv-11887

Hon. Jonathan J.C. Grey

**ORDER DENYING AS MOOT PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Before the Court is Petitioner Abderrahmane Corera's petition for writ of habeas corpus ("petition"), filed pursuant to 28 U.S.C. § 2241, within which he requests release on bond or that he be given a bond hearing. (ECF No. 1.) Respondents' timely response followed. (ECF No. 8.)

Corera, a citizen of Mauritania, arrived in the United States in April 2023. (ECF No. 1, PageID.4–5.) On July 7, 2025, an immigration court denied Corera's applications for relief from removal, including his applications for asylum and withholding of removal, and ordered him removable. (ECF No. 8-4, PageID.126.) On July 30, 2025, Corera

appealed the order of removal, which remains pending. (ECF No. 8-5, PageID.130–133; ECF No. 8-6, PageID.134–136.) On December 17, 2025, Corera was arrested by Immigration and Customs Enforcement and is currently being detained at the Monroe County Jail in Michigan. (ECF No. 1, PageID.2.)

The petition asserts that Corera's detention is governed by 8 U.S.C. § 1226(a), and thus, he is entitled to an individualized bond hearing. (*Id.*, PageID.6.) In response, Respondents agree that Corera's detention is governed by § 1226(a). (ECF No. 8, PageID.104.) However, they argue that the petition should be denied because Corera has already received a bond hearing before an immigration judge. Upon reviewing the briefing, the Court agrees with Respondents.

On January 27, 2026, Corera, represented by counsel, requested a bond hearing. (ECF No. 8-8, PageID.139–141.) This request was accompanied by a packet containing documentation in support of Corera's release. (ECF No. 8-9, PageID.142–150.) On February 5, 2026, the immigration court held a bond hearing and denied Corera's release, finding that he posed a "flight risk." (ECF No. 8-10, PageID.151). On April 3, 2026, Corera's counsel moved for reconsideration of the

immigration judge's bond order. (ECF No. 8-11, PageID.153–155). The motion appears to argue that Corera was improperly detained under § 1225(b), the mandatory detention provision, as opposed to § 1226(a), which allows for a bond hearing. (*Id.*) On April 10, 2026, the immigration court denied Corera's motion for reconsideration. (ECF No. 8-12, PageID.156.) It reasoned that, "[a]t a bond hearing conducted 2/4/2026, this Court found that this Respondent was a flight risk based on his current removal order, lack of viable relief as a result of that order and the fact that the IJ during the final hearing found the Respondent not credible. …" (*Id.*)

Because the evidence before this Court establishes that Corera already received an individualized bond hearing, the Court **DENIES** his petition as **MOOT**.

**IT IS FURTHER ORDERED** that, in light of the foregoing, the motion for temporary restraining order (ECF No. 2), motion to dismiss (ECF No. 6), and motion to vacate (ECF No. 7) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Date: July 1, 2026

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

**Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 1, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager